UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Harvie Payne, | ) |
| Plaintiff, | ) C/A No. 2:11-1482-DCN-KFM |
| vs. | ) **Report and Recommendation** |
| Linda Lombard; Al Cannon, and Charleston County, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Charleston County Detention Center, pending trial on undisclosed criminal charges. In the Complaint submitted in this case, Plaintiff claims that Defendant Lombard, a county magistrate judge, set excessive bail for him, that he has not been given a preliminary hearing, and that the indictment against him is insufficient to confer subject matter jurisdiction on the Charleston County courts. As a result of these alleged issues, Plaintiff contends that his continuing incarceration is unlawful.

In addition to Magistrate Lombard, Plaintiff names Charleston County Sheriff Al Cannon, who is in charge of the detention center where Plaintiff is housed, and Charleston County itself, as Defendants. He seeks declaratory relief (an order finding that Defendants have violated Plaintiff's constitutional rights), injunctive relief (dismissal of charges, release

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

from confinement, fining of Defendants), and damages of $10,000 to $25,000 for each day Plaintiff remains in jail.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). Initially, to the extent that Plaintiff requests injunctive and declaratory relief such as a dismissal of pending state charges or an order for a different amount of bail from this Court against the county magistrate, Sheriff, and Charleston County, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). No extraordinary circumstances are shown under Plaintiff's allegations, and Plaintiff's

claims for injunctive and declaratory relief are subject to summary dismissal as to all three Defendants.

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the Fourth Circuit Court of Appeals ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Also, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As discussed in the cases cited above, Plaintiff is not foreclosed from raising his excessive bail and insufficient indictment objections and having them ruled on by the state court judge in his on-going state criminal prosecution. This Court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks (release from incarceration and confinement), this Court

would be required to enjoin the state prosecution, and, as stated above, this is improper under *Younger*, *Cinema Blue*, and *Bonner*.

Furthermore, although there is authority under which a court may stay any potentially viable damage claims even though connected injunctive and declaratory relief claims are barred by *Younger*, *see, e.g.*, *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989), this case should not be stayed because no potentially viable damage claims are stated as to any Defendant. To the extent that Plaintiff seeks damages from Magistrate Lombard based on her rulings on his bail application, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (Judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave

4

procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Also, Plaintiff's allegations fail to a state a viable claim for damages against Sheriff Cannon in his capacity as the head of the detention center. Sheriff Cannon may not be held liable under Section 1983 (or any other federal law) for damages to Plaintiff arising from his arrest, confinement, or prosecution because there are no allegations showing that he was personally involved in Plaintiff's arrest, the indictment, or in the bail decision that resulted in Plaintiff's continuing incarceration. The fact that he might have ultimate supervisory authority over operations at the Charleston County Detention Center is not sufficient to impose Section 1983 liability, as there are no allegations that Cannon was personally aware of any allegedly unconstitutional activities of any of the detention center's employees or officers. Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on Sheriff Cannon's part, no viable claim for damages is stated against this Defendant.

Additionally, no viable claim for damages is stated against Defendant Charleston County. The County cannot be held responsible for actions taken by the Magistrate's Court or Court of General Sessions (Circuit Court) for Charleston County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in

1973.  *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; *State ex rel. McLeod v. Civil and Crim. Ct. of Horry County*, 217 S.E.2d 23, 24 (S.C. 1975).

Under the current version of Article V, Section 1 of the South Carolina Constitution, the Supreme Court of South Carolina, not Charleston County, retains the *sole* authority to supervise magistrates' courts, municipal courts, and the Circuit Court for Charleston County. *See Spartanburg County Dept. of Soc. Serv. v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988). By virtue of Article V, Charleston County does not exercise administrative or supervisory authority over any of the courts of the State of South Carolina located within the geographical boundaries of the county.  Consequently, Charleston County cannot be held liable for damages under Section 1983 (or any other federal law) because it was not responsible for the alleged violations of Plaintiff's rights during the relevant times at issue in this case.

Finally, to the extent that the Complaint requests this Court to direct that he be released from jail, this case is also subject to summary dismissal.  Plaintiff's request for a shorter jail term cannot be granted by this Court in a civil case filed under Section 1983. Although Section 1983 does provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. at 481 ("Release from prison is not a remedy available under 42 U.S.C. § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  Because Plaintiff's

allegations fails to state viable claims for any form of available relief against any of the named Defendants, this case should be summarily dismissed without issuance of process.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice.

Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 8, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).